IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NILDA SILVA-VAZQUEZ<br>Plaintiff<br>vs<br>MUNICIPALITY OF SAN JUAN<br>HON. JORGE SANTINI, in his personal capacity;<br>MARIA E. BATISTA, in her official and personal capacity<br>Defendants | CIVIL 05-1283CCC |

**O R D E R**

Before the Court is defendants' Motion for Reconsideration (**docket entry 21**) of the Court's March 27, 2006 Order (docket entry 19). The Court there made clear that (1) the acts of discrimination occurring in the year 2001 are time-barred, (2) the March 11, 2004 discriminatory action described as a work-site relocation which allegedly took place after the April 25, 2003 Commonwealth judgment is not time-barred and (3) the 2001 acts, although not actionable claims, can serve as background material for the timely claim of discrimination based on the relocation. It is clear that the only actionable claim pending before the Court which was timely filed is the relocation charge which was not a part of the state court litigation. This is strictly a political discrimination claim based on 42 U.S.C. §1983.

Defendants' argument that plaintiff has not asserted sufficient facts to state a claim of political discrimination based on the discrete act of the involuntary relocation is unfounded. As the Court of Appeals for the Third Circuit explained in O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3rd Cir. 2006):

> First Amendment retaliation claims are always individually actionable, even when relatively minor. Even "an act of retaliation as trivial as failing to hold a birthday party for a public employee," if "intended to punish her for exercising her free speech rights," may be actionable if under the circumstances it would be sufficient to "deter a person of ordinary firmness" from exercising his or her First Amendment rights. Suppan v. Dadonna, 203 F.3d 228, 234-35 (3rd Cir. 2000) (citing Rutan v. Republican Party, 497 U.S. 62, 76 n. 8, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990)). A First Amedment retaliation claim will lie for any individual act which meets this "deterrence threshold," and that threshold

CIVIL 05-1283CCC 2

is very low: as we said in Suppan, a cause of action is supplied by all but truly de minimis violations.  Id.

Defendants' further argument that the 2001 discrete discriminatory acts which are time barred cannot serve as background material for the timely-filed charge which allegedly occurred on March 11, 2004 runs afoul with the expressions of the Supreme Court in National R.R. Passenger Corp. V. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061 (2002):

> The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.  Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

Accordingly, the Motion for Reconsideration of the Court's Order (**docket entry 19**) is DENIED as to plaintiff's §1983 political discrimination claim based on the March 11, 2004 event.

Defendants, however, are correct in raising that plaintiff has failed to state claims under 42 U.S.C. §§1981, 1985 & 1986.  A review of the complaint reflects that there are no factual allegations in support of such claims.  Accordingly, partial judgment will be entered DISMISSING these specific claims.

SO ORDERED.

At San Juan, Puerto Rico, on June 14, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge